UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASYST TECHNOLOGIES, LLC and
BURTON TECHNOLOGIES, LLC,

    Plaintiffs,

 v.            Case No. 15-cv-318

AML SYSTEMS,

    Defendant.

## COMPLAINT

  Plaintiffs Asyst Technologies, LLC and Burton Technologies, LLC for their Complaint against Defendant AML Systems ("AML") hereby allege as follows:

## THE PARTIES

  1. Plaintiff Asyst Technologies, LLC ("Asyst") is an Illinois limited liability company having a principal place of business at 5811 99th Avenue, Kenosha, WI 53144.

  2. Plaintiff Burton Technologies, LLC ("Burton") is a Michigan limited liability company having a principal place of business at 202 North Park Street, Ludington, MI 49431.

  3. On information and belief, Defendant AML Systems ("AML") is a French SAS having a principal place of business at 53 Avenue Jean Jaurès, 93350 Le Bourget, France, and a place of business at 111 Meadow Creek, Rochester, NY 14626.

## JURISDICTION AND VENUE

  4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.* Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(d) and 28 U.S.C. § 1400(b).

6. This Court has personal jurisdiction over AML because it manufactures and sells infringing automotive headlamp products, with the knowledge and intent that the products will be offered for sale, sold, and used throughout the United States, including in the State of Wisconsin and in this district. Automotive headlamp products manufactured and sold by AML are used in automobiles and replacement parts are available for purchase at automobile dealers located in this district.

## PATENTS-IN-SUIT

7. On August 10, 2004, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,773,153 (the "'153 patent"), titled "Adjuster for Headlamp Assembly."

8. On June 27, 2006, the USPTO issued U.S. Patent No. 7,066,632 (the "'632 patent"), titled "Adjuster for Headlamp Assembly."

9. On April 8, 2008, the USPTO issued U.S. Patent No. 7,354,183 (the "'183 patent"), titled "Adjuster for Headlamp Assembly." (The '153, '632, and '183 patents will collectively be referred to as the "Patents-in-Suit.").

## FACTS GIVING RISE TO THIS ACTION

10. The Plaintiffs in this case are the owner and exclusive licensee of numerous patents covering various aspects of adjusters and bracket assemblies used in automotive headlamps.

11. Burton is the legal owner of the Patents-in-Suit.

12. Asyst is in the business of designing and producing various automobile component assemblies, is the exclusive licensee of the Patents-in-Suit, and has the right to enforce them against third parties.

13. According to AML's website, AML "designs, produces and commercializes since 1960 solutions to improve visibility of the vehicle and the driver's safety. With 20+ years of expertise, AML systems [*sic*] is a leading supplier of levelers, smart lighting actuators and headlamp cleaning systems for the automotive industry."

14. AML makes, uses, sells, offers for sale, and/or imports into and within the United States headlamp adjusters that infringe the Plaintiffs' rights under the Patents-in-Suit.

15. Asyst first became aware that AML was supplying headlamp adjusters into the North American market when Asyst learned that another adjuster was going to replace Asyst's own adjuster on the lamps for Ford Edge automobiles.

16. Since that time, Asyst has learned that AML headlamp adjusters are also used in at least Ford Mustang, Chrysler Jeep Cherokee and Lincoln MKC automobiles.

17. On information and belief, AML manufactures the adjusters for the Ford Edge, Ford Mustang, Chrysler Jeep Cherokee, and Lincoln MKC vehicles for assembly into headlamp assemblies which assemblies are then sold to Ford, Chrysler, and Lincoln.

18. During the summer of 2013, an employee of Asyst purchased from a Ford Dealership in Terre Haute, Indiana, a headlamp for the Ford Edge which included an adjuster manufactured by AML.

19. Additionally, in January 2015, an Asyst employee purchased from the Gordie Boucher dealership in Kenosha, Wisconsin, headlamps for the Ford Edge, Ford Mustang, and Lincoln MKC automobiles, and from the Martin's Chrysler Dodge Dealership in Union Grove, Wisconsin, a headlamp for the Chrysler Jeep Cherokee, all of which included adjusters manufactured by AML.

3

20. Each of these AML headlamp adjusters obtained by Asyst infringes one or more claims of the Patents-in-Suit.

21. AML has had actual knowledge of the Patents-in-Suit since at least as early as its receipt of an August 21, 2013 letter from Asyst to Mr. Eric Julien of AML Systems.

22. Representatives of Asyst and AML have met in-person on several occasions to discuss Asyst's patent infringement allegations, but AML nevertheless continues its activities alleged above and thus its infringement of the Patents-in-Suit.

## COUNT I – INFRINGEMENT OF THE '153 PATENT

23. Plaintiffs repeat and reallege the allegations of Paragraphs 1-22 as if fully set forth herein.

24. Plaintiffs are informed and believe, and on this basis allege, that AML, or an agent of AML acting under AML's direction and control, has infringed and is infringing the '153 patent in violation of 35 U.S.C. § 271 and all causes of action thereunder, by making, using, selling, offering to sell in this judicial district and elsewhere throughout the United States, and importing, without license or authority from Plaintiffs, infringing products, including at least the headlamp adjusters used in the Ford Edge, Ford Mustang, Chrysler Jeep Cherokee and Lincoln MKC automobiles (collectively, the "Accused Products").

25. Plaintiffs are informed and believe, and on this basis allege, that AML has been, and currently is, inducing infringement of the '153 patent, in violation of 35 U.S.C. § 271(b), by knowingly and encouraging or aiding third parties to make, use, sell, or offer to sell infringing products in the United States, or to import infringing products into the United States, without license or authority from Plaintiffs, including at least the Accused Products.

26. Plaintiffs are informed and believe, and on this basis allege, that AML has been, and currently is, contributorily infringing the '153 patent, in violation of 35 U.S.C. § 271(c), by

selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '153 patent, are known by AML to be especially made or especially adapted for use in infringement of the '153 patent, and are not staple articles of commodities suitable for substantial, non-infringing use, including at least the Accused Products.

27. Plaintiffs are informed and believe, and on this basis allege, that these third parties have infringed and will infringe the '153 patent by using the Accused Products in violation of 35 U.S.C. § 271(a).

28. Plaintiffs are informed and believe, and on this basis allege, that the acts of infringement by AML have been, and continue to be, willful, intentional, and in conscious disregard of Plaintiffs' rights in the Patents-in-Suit.

29. Unless enjoined by this Court, AML will continue to infringe the '153 patent.

30. As a direct and proximate result of AML's direct infringement of the '153 patent, Plaintiffs are suffering damages and irreparable injury for which they have no adequate remedy at law. Plaintiffs have also been damaged, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II – INFRINGEMENT OF THE '632 PATENT

31. Plaintiffs repeat and reallege the allegations of Paragraphs 1-30 as if fully set forth herein.

32. Plaintiffs are informed and believe, and on this basis allege, that AML, or an agent of AML acting under AML's direction and control, has infringed and is infringing the '632 patent in violation of 35 U.S.C. § 271 and all causes of action thereunder, by making, using, selling, offering to sell in this judicial district and elsewhere throughout the United States, and

importing, without license or authority from Plaintiffs, infringing products, including at least the headlamp adjusters used in the Accused Products.

33. Plaintiffs are informed and believe, and on this basis allege, that AML has been, and currently is, inducing infringement of the '632 patent, in violation of 35 U.S.C. § 271(b), by knowingly and encouraging or aiding third parties to make, use, sell, or offer to sell infringing products in the United States, or to import infringing products into the United States, without license or authority from Plaintiffs, including at least the Accused Products.

34. Plaintiffs are informed and believe, and on this basis allege, that AML has been, and currently is, contributorily infringing the '632 patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '632 patent, are known by AML to be especially made or especially adapted for use in infringement of the '632 patent, and are not staple articles of commodities suitable for substantial, non-infringing use, including at least the Accused Products.

35. Plaintiffs are informed and believe, and on this basis allege, that these third parties have infringed and will infringe the '632 patent by using the infringing products in violation of 35 U.S.C. § 271(a).

36. Plaintiffs are informed and believe, and on this basis allege, that the acts of infringement by AML have been, and continue to be, willful, intentional, and in conscious disregard of Plaintiffs' rights in the Patents-in-Suit.

37. Unless enjoined by this Court, AML will continue to infringe the '632 patent.

38. As a direct and proximate result of AML's direct infringement of the '632 patent, Plaintiffs are suffering damages and irreparable injury for which they have no adequate remedy

6

at law. Plaintiffs have also been damaged, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III – INFRINGEMENT OF THE '183 PATENT

39. Plaintiffs repeat and reallege the allegations of Paragraphs 1-38 as if fully set forth herein.

40. Plaintiffs are informed and believe, and on this basis allege, that AML, or an agent of AML acting under AML's direction and control, has infringed and is infringing the '183 patent in violation of 35 U.S.C. § 271 and all causes of action thereunder, by making, using, selling, offering to sell in this judicial district and elsewhere throughout the United States, and importing, without license or authority from Plaintiffs, infringing products, including at least the headlamp adjusters used in the Accused Products.

41. Plaintiffs are informed and believe, and on this basis allege, that AML has been, and currently is, inducing infringement of the '183 patent, in violation of 35 U.S.C. § 271(b), by knowingly and encouraging or aiding third parties to make, use, sell, or offer to sell infringing products in the United States, or to import infringing products into the United States, without license or authority from Plaintiffs, including at least the Accused Products.

42. Plaintiffs are informed and believe, and on this basis allege, that AML has been, and currently is, contributorily infringing the '183 patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '183 patent, are known by AML to be especially made or especially adapted for use in infringement of the '183 patent, and are not staple articles of commodities suitable for substantial, non-infringing use, including at least the Accused Products.

43. Plaintiffs are informed and believe, and on this basis allege, that these third parties have infringed and will infringe the '183 patent by using the infringing products in violation of 35 U.S.C. § 271(a).

44. Plaintiffs are informed and believe, and on this basis allege, that the acts of infringement by AML have been, and continue to be, willful, intentional, and in conscious disregard of Plaintiffs' rights in the Patents-in-Suit.

45. Unless enjoined by this Court, AML will continue to infringe the '183 patent.

46. As a direct and proximate result of AML's direct infringement of the '183 patent, Plaintiffs are suffering damages and irreparable injury for which they have no adequate remedy at law. Plaintiffs have also been damaged, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. A judgment that AML has infringed each of the asserted patents;

B. A judgment that the infringement of the Patents-in-Suit is willful;

C. An order enjoining AML and its subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys and all others in active concert or participation with any of the foregoing from further infringement of the asserted patents;

D. An accounting for damages resulting from the infringement and the trebling of such damages because of the willful nature of the infringement;

E. An assessment of interest on damages;

F. A judgment awarding to Plaintiffs their costs, disbursements, expert witness fees, and attorneys' fees and costs incurred in prosecuting this action, with interest, including damages for an exceptional case pursuant to 35 U.S.C. § 285 and as otherwise provided by law; and

G. Such other and further relief that the Court may deem just and proper.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, Plaintiffs hereby request a trial by jury on all issues so triable in this action.


Dated: March 23, 2015.   By: *s/ Jennifer L. Gregor*
    Jennifer L. Gregor
    GODFREY & KAHN, S.C.
    One East Main Street, Suite 500
    Madison, WI 53703
    Phone: 608-257-3911
    Fax: 608-257-0609
    Email: JGregor@gklaw.com

    Shane Delsman
    Matthew M. Wuest
    GODFREY & KAHN, S.C.
    780 North Water Street
    Milwaukee, WI 53202-3590
    Phone: 414-273-3500
    Fax: 414-273-5198
    Email: SDelsman@gklaw.com;
    MWuest@gklaw.com

    *Attorneys for Plaintiffs Asyst Technologies, LLC and Burton Technologies, LLC*

12774109.